# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

STEVE and CONNIE GARRISON,
Husband and Wife

        Plaintiffs,

v.                                              No. CIV 05-890 BB/ACT

(Members of N.M. BAR), KENNETH
WILSON, PAMELA DOBBS, KAREN L.
PARSONS, in their individual and official
capacities,

and

LINCOLN COUNTY SHERIFF'S
DEPUTIES, WOODS, SHEPARD (1st
Names and ID's Unknown), R.J.
CRANSTON, L.J. FOGRATTI, BRENT
HILL, TOM WOLFE, JOHN DOE, in their
individual and official capacities

        Defendants.

## MEMORANDUM OPINION AND ORDER

**Background**

        This matter is before the Court on the Lincoln County Defendant's motion to dismiss, which Kenneth Wilson, Pamela Dobbs, and Karen L. Parsons subsequently joined. Def.'s Mem. in Supp. of Mot. to Dismiss  (Doc. 22); Karen L Parsons, Pamela Dobbs & Kenneth Wilson Resp. to Def.'s Mot. to Dismiss (Doc. 27). In ruling on this motion, the Court must decide whether a claim is time barred when brought under 42 U.S.C. § 1983; based on an incident occurring on August 20, 2002; and filed on August 22, 2005. As explained below, the three-year statute of

limitations expired on Saturday, August 20 and Rule 6(a) allows the Plaintiffs until Monday, August 22, 2005 to file. Therefore, the motion was timely.

## DISCUSSION

In this case, all parties have stipulated that the Garrisons' claims are grounded in 42 U.S.C. § 1983.[1] Initial Pre-Trial Report 2-3 (Doc. 53). Stipulations often streamline the trial process by focusing legal issues and bases for recovery. Reading Co., 289 F.2d at 9. The appropriate statute of limitations for §1983 claims is that applicable to a general personal injury claim in the forum state. Owens v. Okure, 488 U.S. 235, 242-51 (1989). Consequently, plaintiffs have three years to file a claim under § 1983 in New Mexico. Wilson v. Garcia, 471 U.S. 261, 280 (1985); N.M. Stat. Ann. § 37-1-8 (1978).

While this time frame is based on New Mexico law, the accrual of time is governed by Federal law. Smith v. City of Enid, 149 F.3d 1151, 1154 (10th Cir. 1998). The clock began to tick when the plaintiffs knew or should have known of the injury. Id. However, the day of the incident is excluded from the statutory period. Fed. R. Civ. P. 6(a); United States v. Hurst, 322 F.3d 1256, 1260 (10th Cir. 2003). The "anniversary rule" is used to compound years and it ends on the anniversary of the event complained of, provided the injury is immediately discernable to the plaintiff. Hurst, 322 F.3d at 1260. Normally, years consist of 365 days, but leap years have 366 and occur once every four calendar years. Commonwealth v. Fenati, 748 A.2d 205, 109-10 (Pa. 2000) (citing Random House Dictionary of the English Language 2200 (2nd ed. 1987)). The

---

[1] The parties having agreed that §1983 governs this case, this Court need not take up the issue of timeliness of claims brought solely under New Mexico law. See United States v. Reading Co., 289 F.2d 7, 9 (3rd Cir. 1961) (explaining that stipulations by both parties can be binding when they limit bases of recovery).

anniversary rule makes no exception for leap years. Hurst, 322 F.3d at 1260. For example, if an incident giving rise to an action occurs on January 1 (and the Plaintiff is aware of her injuries on that date) one year will expire the following January 1, leap year or not. Id. Finally, if the period expires on "a Saturday, Sunday, or legal holiday," it is extended until the next business day. Fed. R. Civ. P. 6(a).

The relevant dates are not in dispute. All parties agree that Mrs. Garrison became aware of her injuries on Tuesday, August 20, 2002. See Compl. ¶¶ 11-18 (Doc. 1); Def.'s Reply to Pl.'s Resp. to Mot. to Dismiss 2 (Doc. 32). Under Rule 6(a), time under the statute of limitations began to accrue on the morning of August 21, 2002. Fed. R. Civ. P. 6(a). Thus, the Garrisons had three years from August 21 in which to file. Wilson, 471 U.S. at 280. They filed their complaint on August 22, 2005, more than three years after the incident. Compl. at 1 (Doc. 1). However, while the anniversary rule closes the Garrisons' window of opportunity on the evening of Saturday, August 20, 2005, Hurst, 322 F.3d at 1260; see Eison v. McCoy, 146 F.3d 468, 470 (7th Cir. 1998), the period is extended through the next business day. Fed R. Civ. P. 6(a). The following Monday was August 22, and the Garrisons caught the last grain in the hourglass.

The Court will now examine the Defendants' arguments on the issue.

**Defendants' Analysis**

The Lincoln County Defendants are in error. They first argue that this action is clearly barred by the statute of limitations, which requires filing on or before the 20th of August, 2005. Def.'s Mem. in Supp. of Mot. to Dismiss at 3 (Doc. 22). However, this runs counter to Rule 6(a). See Fed. R. Civ. P. 6(a). August 20 fell upon a Saturday and the Rule mandates that a

period expiring on a Saturday be extended to the next legal business day. Fed. R. Civ. P. 6(a). This is precisely when the Garrisons filed suit. See Fed R. Civ. P. 6(a); Eison v. McCoy, 146 F.3d at 470.

Second, the Lincoln County Defendants argue that three years contain 1,095 days (365 x 3) and because of this, the period tolled on Friday, August 19. Def.'s Reply to Pl.'s Resp. to Mot. to Dismiss at 2 (Doc. 32). This reasoning is unpersuasive. One of the three years, 2004, was a leap year and consisted of 366 days. See Fenati, 748 A.2d at 109-10 (citing Random House Dictionary of the English Language 2200 (2nd ed. 1987) (explaining that leap years occur in years divisible by four except in centennials not divisible by 400). Thus, the total number of days within the Garrisons' statutory window was 1,066 days. Id. Applying the Lincoln County Defendants' own analysis with this minor correction reveals the statute of limitations expired on August 20, 2005 – a result wholly consistent with this Circuit's anniversary rule. See Hurst, 322 F.3d at 1260.

Finally, the Lincoln County Defendants argue that Hurst is inapplicable because it deals with the computation of time in an action involving a one-year statute of limitations as applied to 28 U.S.C. § 2255 claims. However, the Hurst analysis regarding the computation of time applies generally to Rule 6(a), which governs time for claims arising under both §2255 and §1983. Hurst, 322 F.3d at 1260. As testament, courts have extended the anniversary analysis to §1983 claims. See Eison v. McCoy, 146 F.3d at 470 (explaining that a two-year statute of limitations for a §1983 claim based on occurrences of April 16, 2004 technically expired on April 16, 2006); see

also <u>United States v. Marcello</u>, 212 F.3d 1005, 1008-09 (7th Cir. 2000) (applying the anniversary rule for §2255 claims).

In summary, the statute of limitations expired on Saturday, August 20, three years from the date of the incident. Because Rule 6(a) allows the Garrisons until Monday, August 22 to file, the filing of the lawsuit was timely.

### <u>ORDER</u>

**IT IS THEREFORE ORDERED** that Defendants' motion to dismiss (Doc. 22) be, and hereby is, DENIED.

Dated this 20th day of June, 2006.

*[signature]*
BRUCE D. BLACK
United States District Judge

5.