# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

STEVE and CONNIE GARRISON,
Husband and Wife

        Plaintiffs,

v.                                                                               No. CIV 05-890 BB/ACT

(Members of N.M. BAR), KENNETH
WILSON, PAMELA DOBBS, KAREN L.
PARSONS, in their individual and official
capacities,

and

LINCOLN COUNTY SHERIFF'S
DEPUTIES, WOODS, SHEPARD (1st
Names and ID's Unknown), R.J.
CRANSTON, L.J. FOGRATTI, BRENT
HILL, TOM WOLFE, JOHN DOE, in their
individual and official capacities

        Defendants.

## MEMORANDUM OPINION AND ORDER

The principal matters before the Court are Judge Karen Parsons' motion to dismiss (Doc. 24) and Plaintiffs' motion to amend their complaint (Doc. 43). Other miscellaneous motions addressed in the opinion are Plaintiffs' motion to file a surreply (Doc. 48), as well as two motions to strike filed by Plaintiffs (Docs. 60, 62). In addition, the Court notes that one pending motion, the Lincoln County Defendants' motion to strike a pleading filed by Plaintiffs (Doc. 33), has been impliedly addressed in this Court's prior memorandum opinion, filed June 21, 2006 (Doc. 68), and

1.

is hereby denied as moot.  As a result of this opinion, therefore, there should be no remaining pending motions in this case.

As explained below, Plaintiffs' complaint is unable to meet the "case or controversy" requirements of Article III because Plaintiffs cannot show that declaratory relief would sufficiently redress their injuries.  Further, Plaintiffs' proposed amendments fail to present the Court with a sufficient likelihood of future injury to create a justiciable "case or controversy."

**BACKGROUND**

Plaintiffs' complaint alleges the following.  On August 20, 2002, Steve and Connie Garrison ("Mr. and Mrs. Garrison," respectively) attended proceedings involving their son, Clinton, held before District Judge Karen Parsons in New Mexico children's court.  [Compl. at ¶ 11]  Both Steve and Connie Garrison were also parties to the action, but Mrs. Garrison was dismissed before court was called to order.  [Id. at ¶¶ 11-14]  Judge Parsons ordered Plaintiffs' attorney to leave the bar when she discovered that he was not licensed to practice in New Mexico.  [Id. at ¶ 15]  In response, Mr. Garrison exclaimed, "Since you have removed our choice of counsel we are going to leave" and began to exit the courtroom.  [Id. at ¶ 15]  Judge Parsons ordered Mr. Garrison to stop, warning that "[he did] not want to leave [the] courtroom."  [Id. at ¶ 16] At this point, Mrs. Garrison and other spectators were leaving.  [Id.]

Deputy Wolf grabbed Mrs. Garrison and Rick Hazelton each by an arm, causing Hazelton to state, "You do not want to stop me from leaving this courtroom." [Id.]  Intimidated, Wolf released Hazelton and focused his efforts on Mrs. Garrison, grabbing her loose arm with considerable force. [Id.]  Mrs. Garrison asked Wolf why he was hurting her since she was not resisting. [Id. at ¶ 17]  Wolf answered, "What are you going to do about it?" [Id.]  Wolf's degree

of force alarmed a number of spectators, a few of whom asked Wolf to desist. [Id.] They also asked Judge Parsons whether Wolf was supposed to be restraining Mrs. Garrison in such a forceful manner. [Id.]  Finally, Judge Parsons was asked if she wanted Mrs. Garrison arrested and she declined. [Id.] Wolf released Mrs. Garrison moments later but the damage was done. [Id.] Court was never called to order. [Id. at ¶ 18]  Mr. Garrison was subsequently returned to the courtroom and charged with contempt. [See id. at ¶ 32(b)]

Plaintiffs subsequently filed this action *pro se* under 42 U.S.C. § 1983, naming Wolf and Judge Parsons as defendants. [Id. at ¶ 5]  They also filed suit against assistant district attorneys Kenneth Wilson and Pamela Dobbs,[1] alleging illegal prosecution of Clinton's case. [Id. at ¶ 38(a)] Finally, Plaintiffs also sued several other Sheriff's deputies for their failure to intervene and stop Deputy Wolf. [Id. at ¶ 36]  Plaintiffs seek damages for Mrs. Garrison's injuries. [Id. at 12]  Also, Plaintiffs seek two forms of declaratory relief. [Id. at ¶¶ 38(a)-(e)]   First, they request this Court to consider whether the delinquency proceedings against them were initiated in violation of NMRA 10-204. [Id. at ¶ 38(a)]  Second, they ask this Court to declare that Judge Parsons violated Mr. Garrison's 4th and 14th amendment rights by misapplying NMRA 10-204 and adjudicating contempt proceedings against him.  [Id. at ¶¶ 38(b)-(f)]

Judge Parsons has asserted a defense of judicial immunity and filed a motion to dismiss pursuant to Rule 12(b)(6). (Doc. 24).   Plaintiffs subsequently responded and filed a motion to amend their complaint pursuant to Rule 15(b), adding grounds for prospective injunctive relief against Judge Parsons.  This Court will now address these motions.

---

[1] Since dismissed from the suit.

**DISCUSSION**

A motion to dismiss under FED. R. CIV. P. 12(b)(6) should not be granted unless Plaintiffs can prove no set of facts in support of their claim which would entitle them to relief. Conley v. Gibson, 355 U. S. 41, 45-46 (1957); Ruiz v. McDonnell, 299 F. 3d 1173, 1181 (10th Cir. 2002), cert. denied, 538 U. S. 999 (2003). In evaluating the motion to dismiss, the Court must liberally construe the claim, accept all well-pleaded factual allegations as true, and view the allegations in the light most favorable to Plaintiffs.  Moffet v. Halliburton Energy Servs., Inc., 291 F. 3d 1227, 1231 (10th Cir. 2002).  A Rule 12(b)(6) motion limits consideration only to allegations made in the pleadings.  See Rule 12(b) (if matters outside the pleadings are considered by the Court and not excluded, the motion becomes a Rule 56 motion for summary judgment).  The pleadings of pro se plaintiffs shall receive liberal treatment by the Court.  Haines v. Kermer, 404 U.S. 519, 520 (1972) (per curiam).

Plaintiffs have clarified in their response that they do not seek money damages from Judge Parsons, only declaratory relief. [Pls.' Resp. in Opp'n. to Def.'s Mot. to Dismiss at ¶ 2 (Doc. 38)]  For this reason, the Court will turn directly to Plaintiffs' claims for declaratory relief and will not consider any potential for monetary recovery against the Judge.[2]

---

[2] Abandoning the pursuit of money damages was appropriate, since Judge Parsons' actions are shielded by the doctrine of judicial immunity.  Maintaining order and control in the courtroom is an act normally performed by a judge. See  N.M. STAT. § 34-1-2 (1978); Mireles v. Waco, 502 U.S. 9, 12 (1991).  Since Plaintiffs encountered Judge Parsons in her judicial capacity they must have expected her to act judicially. See Mireles, 502 U.S. at 12.  Finally, New Mexico district judges have a broad jurisdictional grant to maintain order and decorum in the courtroom. See N.M. STAT. § 34-1-2 (1978). Thus, because Judge Parsons was acting judicially and within her jurisdiction as a district judge, her actions are protected by absolute immunity. See Mireles, 502 U.S. at 11.

**I. Plaintiffs' Claims for Declaratory Relief**

Plaintiffs ask this Court to declare that (a) Judge Parsons erroneously applied NMRA 10-204 in the delinquency proceedings against them; and (b) the contempt proceedings levied against Mr. Garrison violated his 4th and 14th amendment rights. For the reasons explained below, this Court finds providing such relief an improper exercise of its jurisdiction.

Rather than being "freewheeling enforcers of the Constitution and laws," the Federal Courts are limited to hearing cases and controversies as defined by Article III of the United States Constitution. Initiative & Referendum Inst. v. Walker, 450 F.3d 1082, 1087 (10th Cir. 2006). To present a justiciable "case or controversy," Plaintiffs must establish (1) that they have suffered an injury in fact, (2) that the injury is traceable to the actions of the Defendants, and (3) that the injury can be redressed by a favorable opinion. Id. The redressability requirement renders this Court powerless to issue advisory opinions that cannot affect the rights of the litigants before it; i.e., when the case is moot. St. Pierre v. United States, 319 U.S. 41, 42 (1974) (per curiam). The pivotal inquiry is whether the controversy before the Court continues to touch adverse legal interests of the parties. Green v. Branson, 108 F.3d 1296, 1299 (10th Cir. 1997). This legal interest cannot be solely the plaintiff's satisfaction in knowing that he has been wronged in the past. Wirsching v. Colorado, 360 F.3d 1191, 1196 (10th Cir. 2004). To effect a proper exercise of Article III authority - rather than an advisory opinion - the decision of the Court must in some way affect the behavior of the defendant toward the plaintiff in a real, concrete manner. Green, 108 F.3d at 1299-1300; see also Prier v. Steed, 456 F.3d 1209, 1213 (10th Cir. 2006) (court will not entertain issue simply to provide plaintiff with moral satisfaction of knowing he was wronged; there must be some effect in the real world).

This Court finds Plaintiffs' claims for declaratory judgment regarding Judge Parsons' (mis)application of NMRA 10-204 insufficient to establish a "case or controversy" under Article III. Plaintiffs ask this Court to declare that the New Mexico delinquency proceedings against them were brought in violation of NMRA 10-204, which requires a preliminary inquiry before a delinquency petition is filed. [Compl. at ¶ 38(a)]; Rule 10-204, NMRA. However, Plaintiffs concede that "all charges were eventually dropped" before the matter reached a judicial resolution. [See Compl. at ¶ 11] Further, there is no indication that Plaintiffs will be embroiled in delinquency proceedings in the future. Given this state of affairs, an opinion by this Court favoring Plaintiffs would not affect Judge Parsons' behavior toward them in a current, real manner. See Green, 108 F.3d at 1299. Thus, this Court is unable to redress Plaintiffs' injuries, since providing them with the relief they seek would amount to issuing an advisory opinion that they had suffered past wrongs. Id.

For similar reasons, the relief Plaintiffs seek regarding the contempt proceedings also would fail to affect the behavior of Judge Parsons toward Mr. Garrison. Plaintiffs ask this Court to declare that the NMRA 10-204 and contempt proceedings against Mr. Garrison violated his 4th and 14th amendment rights. [Compl. at ¶¶ 38(b)-(e)] The complaint is silent about the circumstances under which Mr. Garrison was charged with contempt. However, it does specify that "all actions have been resolved in [Plaintiffs'] favor." [Compl. at ¶ 18.] Thus, at the very least, the contempt proceedings against Mr. Garrison have reached resolution. [See id.]

With the contempt proceedings relegated to the past, this Court is given no indication that Mr. Garrison is likely to be held in contempt of court in the future. To the contrary, this Court cannot assume that Mr. Garrison has designs to transgress the order and decorum of the New

Mexico trial courts. A declaratory judgment would not affect the behavior of Judge Parsons toward Mr. Garrison in a current, concrete manner because the contempt proceedings have ended and Mr. Garrison will presumably act as a responsible citizen if he appears again before the New Mexico district court. See Green, 108 F.3d at 1299-1300. Thus, the only redress Plaintiffs could receive is a declaration that they have suffered past wrongs - an advisory opinion that this court is not empowered to issue. See Wirsching, 360 F.3d at 1196.

In short, with both requests for declaratory relief, Plaintiffs seek a retrospective declaration that they have been harmed in the past by Judge Parsons. See id. Because such a judgment cannot affect the behavior of the Judge toward them in any current, real, or concrete manner, this Court is powerless to provide them the remedy they seek. Green, 108 F.3d at 1299-1300. Accordingly, Judge Parsons' motion to dismiss is granted.

## II. Plaintiffs' Motion(s) To Amend

Plaintiffs have filed a motion to amend their complaint "to conform to the evidence" pursuant to FED. R. CIV. P. 15(b). Amendments pursuant to Rule 15(a)[3] allow the moving party to amend their pleadings anytime before a responsive pleading is submitted. FED. R. CIV. P. 15(a). If a responsive pleading is not required, a party may amend as a matter of course within 20 days of its service on the opposing party. Id. If a responsive pleading has already been filed, a party may still amend their pleadings by leave of the court or by written consent of the adverse party. Id. Granting leave to amend is within the discretion of the trial court. Minter v. Prime Equipment Co., 451 F.3d 1196, 1204 (10th Cir. 2006). However, leave to amend shall be "freely given when justice so

---

[3]As discussed below, Plaintiffs' motion to amend is properly addressed under Rule 15(a) rather than 15(b).

requires." Id. Accordingly, leave to amend is typically refused only upon a showing of (1) undue delay, (2) undue prejudice to the opposing party, (3) bad faith, (4) failure to cure deficiencies by previous amendments, or (5) futility of amendment. Duncan v. Manager, Dept. of Health, 97 F.3d 1300, 1315 (10th Cir. 2005). An amendment is considered futile when the amended complaint would be subject to dismissal. Jefferson County Sch. Bd. No. R-1 v. Moody's Investor's Servs., Inc., 175 F.3d 848, 859 (10th Cir. 1999).

**A. Plaintiffs' First Attempt to Amend**

In response to Judge Parsons' motion to dismiss, Plaintiffs have supplied an affidavit that clarifies their interaction with respect to the Judge. [See generally Pls.' Aff. In Supp. of Pls.' Resp. to Def. Karen Parsons' Mot. to Dismiss (Doc. 39)]  However, when considering a motion to dismiss pursuant to Rule 12(b)(6), the Court is instructed to look solely at the pleadings. See FED. R. CIV. P. 12(b). Thus, in order to consider Plaintiffs' affidavit, this Court will construe the factual allegations it contains as proposed amendments to the complaint. See Haines v. Kerner, 404 U.S. at 520; Castro v. United States, 540 U.S. 375, 381-2 (2003) (federal courts can recharacterize pro se litigant's filings).

Plaintiffs clarify/modify their complaint in the following ways with their affidavit. First, Mrs. Garrison alleges that she is "not in receipt of any evidence" that made her a party to Clinton's delinquency proceedings.[4] [ Pls.' Aff. In Supp. of Pls.' Resp. at ¶ 3] Mrs. Garrison further adds that she was sitting in the gallery, and when she thought the proceedings were over, she attempted to leave the courthouse in a "polite and courteous manner." [Id. at ¶¶ 4-9] Mrs. Garrison also explains

---

[4] The Court takes notice that this is a complete U-turn from the allegation in the complaint that the "Garrisons had been made parties to the action by petition..." Compl. at ¶ 12 (Doc. 1).

that there was no physical or verbal confrontation between herself and Judge Parsons before or during the abuse. [Id. at ¶¶ 11-12]  Finally, Mrs. Garrison clarifies that Judge Parsons made no attempt to control Deputy Wolf until a couple of minutes after the abuse had commenced. [Id. at ¶ 13]

These modifications do not address the critical deficiencies in the complaint.  Plaintiffs abandoned their pursuit of money damages and have instead focused on their prayer for declaratory relief.  [Id. at ¶ 2]  The facts contained in Mrs. Garrison's affidavit do not touch on the nature of the alleged 10-204 violations, nor do they involve Mr. Garrison's contempt proceedings. [See generally id.]  Thus, these changes remain unconnected to Plaintiffs' petitions for declaratory judgment.  The Article III issues that plague the original complaint remain grounds for dismissal, because they equally infect the complaint as amended by Mrs. Garrison's affidavit. See supra at 4-8.  Therefore, the amendments proposed therein would be futile and leave to amend the complaint to include them is denied.  See Moody's Investor's Servs., 175 F.3d at 859.

**B. Plaintiffs' Motion to Amend Pursuant to Rule 15(b)**

Plaintiffs also formally move this Court for leave to amend pursuant to Rule 15(b) of the Federal Rules of Civil Procedure.  Rule 15(b) allows a party to move to amend the pleadings if matters outside their scope are tried by the express or implied consent of the parties. FED. R. CIV. P. 15(b).  If matters outside the pleadings are so tried, a successful Rule 15(b) motion allows the pleadings to encompass them. Id.  However, because the motion before the Court is a Rule 12(b)(6) motion to dismiss, matters outside the pleadings are excluded from the Court's consideration.  Furthermore, there is no indication that any of the matters Plaintiffs attempt to raise have been litigated in any fashion at all, let alone by express or implied consent of all parties.  This Court

therefore construes Plaintiffs' motion to amend as falling under Rule 15(a), which does not depend on the admission of matters outside the pleadings or on express or implied consent of the parties. See FED. R. CIV. P. 15(a); Haines, 404 U.S. at 520; Castro, 540 U.S. at 381-2.  However, in order to provide this motion with full consideration, a number of other filing problems must addressed.

First, the local rules for the District of New Mexico require that a proposed amendment to the pleading accompany a motion to amend the complaint. D.N.M. LR-Civ. 15.1 (2006).  Plaintiffs have not filed a proposed amended complaint with the Court, and thus leave to amend could be denied for failure to comply with local rules.  However, giving Plaintiffs the benefit of the doubt, and in the interest of judicial economy, the Court will review Plaintiffs' filings and attempt to determine and address the substance of the proposed amendments.

Also, in lieu of a reply to Judge Parson's response, Plaintiffs have filed a motion to strike the response. The proper filing to answer a response is a reply, and this Court will therefore construe Plaintiffs' Motion to Strike Judicial/Prosecutorial Defendants Response (Doc. 60), and both their original and amended affidavits in support of this document (Docs. 61, 63), as one reply.

Plaintiffs seek to amend their complaint to include the following factual assertions.  First, they point out there is currently no pending state court proceeding involving them. [Mot. to Strike Defs.' Resp. at ¶ 1 (Doc. 60)]  Further, they allege that over a period of eighteen months following the incidents alleged in the complaint, the Garrison family received an unusually heavy number of traffic citations - with Mrs. Garrison receiving two. [Amended Aff. In Supp. of Mot. to Strike at ¶ 8 (Doc. 63)]  Mrs. Garrison maintains she was not guilty of the traffic citations, but was convicted in Magistrate court. [Id.]  She appealed the Magistrate court decision and Judge Parsons was scheduled to hear it. [Id.]

Mrs. Garrison filed a timely notice of excusal because she did not believe that Judge Parsons could provide her with a fair trial. [Id.]  Judge Parsons subsequently struck the notice of excusal and continued to preside over the case. [Id. at ¶ 9]  Mrs. Garrison attempted to object to this before court was called to order, but was threatened with contempt. [Id. at ¶ 11]  When Mrs. Garrison finally spoke, Judge Parsons held her in contempt and sentenced her to one month in jail. [Id. at ¶ 12]  Mrs. Garrison appealed the contempt conviction, and the New Mexico Court of Appeals overturned the sentence. [Id. at ¶ 13]  Additionally, Mrs. Garrison has personally "witnessed the paperwork" on five occasions where Judge Parsons has failed to recuse herself in cases involving Mrs. Garrison or members of her family. [Id. at ¶ 15]  On four of these occasions, Judge Parsons extended the time for trial in violation of NMRA 6-703M. [Id.]

As a result of the foregoing incidents, Mrs. Garrison asks this Court to provide prospective injunctive relief to prevent Judge Parsons from presiding over her subsequent courtroom appearances. [Id. at ¶ 16]  Mrs. Garrison fears she will be irreparably injured if Judge Parsons presides over any of her cases again, and claims the only proper relief to address this grievance is prospective injunctive relief provided by the Federal District Court. [Id.]

As mentioned supra, this Court is limited to hearing "cases and controversies" under Article III. Initiative & Referendum Inst. v. Walker, supra, 450 F.3d at 1087.  Again, in order to plead a sufficient case or controversy under Article III, Plaintiffs must establish that (1) they have suffered an injury in fact, (2) the injury is traceable to the actions of the Defendants, and (3) the injury can be redressed by a favorable opinion. Id.

In order to assert an injury in fact, the injury must be concrete and particularized. Buchwald v. Univ. of New Mexico Sch. of Med., 159 F.3d 487, 493 (10th Cir. 1998).  In addition, it must be

11.

actual and imminent rather than conjectural and hypothetical. Id.  Past exposure to illegal conduct alone does not show a present case or controversy sufficient to justify prospective injunctive relief. Beattie v. United States, 949 F.2d 1092, 1094 (10th Cir. 1991); O'Shea v. Littleton, 414 U.S. 488, 496 (1974).  Rather, the past illegal conduct must present continuing damaging effects. Id.  Past exposure to illegal conduct can be helpful, however, in determining whether the plaintiff faces a "real and immediate threat of repeated injury." Los Angeles v. Lyons, 461 U.S. 95, 102 (1983). Whether such a threat of injury exists is determined by evaluating the likelihood of circumstances causing the plaintiff to be similarly injured by the defendant in the future.  See Phelps v. Hamilton, 122 F.3d 1309, 1316-17 (10th Cir. 1997); Los Angeles v. Lyons, 461 U.S. 95, 105-6 (1983); O'Shea v. Littleton, 414 U.S. 488, 496-7 (1974); Hoover v. Wagner, 47 F.3d 845, 847 (7th Cir. 1995).

     While Mrs. Garrison alleges that she has been repeatedly injured in the past by Judge Parsons' refusal to recuse herself, this conduct alone does not establish an Article III-sufficient injury. See Beattie, 949 F.2d at 1094.  To meet the standing requirement, Mrs. Garrison must plead circumstances that demonstrate the prospect of future injury is imminent.  Lyons, 461 U.S. at 102. No such circumstances have been pled in this case.  In order to be injured by Judge Parsons in the future in the same manner as Mrs. Garrison has been injured in the past, the following circumstances must occur:  (1) Mrs. Garrison must become a party to an action in New Mexico district court; (2) the case must be assigned to Judge Parsons; (3) Mrs. Garrison must properly excuse Judge Parsons in accordance with the New Mexico Rules of Civil Procedure; and (4) Judge Parsons, despite the proper excusal, must refuse to recuse from the case.

Mrs. Garrison states there are "cases that [she] need[s] to file," presumably in New Mexico district court, thus making the first of the above circumstances a probability. [Amended Aff. In Supp. of Mot. to Strike at ¶ 16 (Doc. 63)]  The Court has no information concerning the likelihood that the case or cases will be assigned to Judge Parsons, but will assume for these purposes that such assignment is likely.  However, the Court finds it highly unlikely that Judge Parsons, having been properly excused by Mrs. Garrison or any other litigant, will refuse to honor that excusal and will continue to preside over the case.  The fact that Judge Parsons apparently made that mistake in Mrs. Garrison's prior case[5] does not make it likely she will do the same thing in the future.  In fact, after having this specific error pointed out by the Court of Appeals, it is even less likely that Judge Parsons will violate the rule in future cases involving the same litigant or members of her family.  In other words, since the Court of Appeals has directed Judge Parsons to honor properly filed notices of excusal, this Court does not find a real and imminent threat that Judge Parsons will continue to sit on any of Plaintiffs' cases after being properly and timely excused.[6]

For this reason, Plaintiffs are unable to show a real and imminent threat of repeated injury at the hands of Judge Parsons, and instead have merely demonstrated one that is "conjectural and hypothetical."  See  Buchwald, 159 F.3d at 493.  Because there is little threat of future injury and past violations alone do not create a sufficient Article III injury to establish standing, Plaintiffs are

---

[5]See State of New Mexico v. Garrison, No. 24,679, at 2 (N.M. App.  Feb. 21, 2005) (Court of Appeals notes that "[Mrs. Garrison] filed a timely notice to excuse Judge Parsons...[who] should have been excused.").

[6]The Court need not decide whether the relief Plaintiffs request, that a federal court issue an order precluding a state judge from presiding over any proceedings involving Plaintiffs, would be appropriate even if Plaintiffs could show imminent harm.  Principles of federal/state comity would appear to dictate otherwise.  See N.M. Const. Art. VI, § 3.

unable to plead a sufficient injury to justify the prospective injunctive relief that they seek. See Lyons, 461 U.S. at 102; Beattie, 949 F.2d at 1094.  Thus, the complaint, as amended, would remain subject to dismissal and the amendment would be futile. See Moody's Investor's Servs, 175 F.3d at 859.

### III.  Miscellaneous Motions

Plaintiffs' motion to file a surreply (Doc. 48) is in reality simply a reiteration of Plaintiffs' stance that they do not seek monetary damages from Judge Parsons.  As such, it is unnecessary and will be denied.  As noted above, Plaintiffs' motion to strike Judge Parsons' response to the motion to amend (Doc. 60) is in reality a brief, and will be treated as a reply brief but will be denied insofar as it purports to be a motion.  Finally, Plaintiffs' motion to strike the Lincoln County Defendants' response to the motion to amend (Doc. 62) will be denied because it is without merit; the response was timely filed, but even if it was not the sanction of striking the pleading is not appropriate, and no lesser sanction was requested.  The Court will deny the request of the Lincoln County Defendants (*see* Doc. 65) that sanctions be imposed on Plaintiffs for filing the motion; Plaintiffs' untimeliness argument is quite similar to the statute-of-limitations defense raised by the Lincoln County Defendants themselves and rejected by the Court.  No sanctions will be imposed on either side for these timeliness arguments.

### CONCLUSION

Plaintiffs are unable to show that a favorable judgment by this Court would affect the behavior of Judge Parsons toward them in a concrete, real manner, and they are therefore unable to meet the standing requirements of Article III. See Green, 108 F.3d at 1299-1300. Accordingly, Judge Parsons' motion to dismiss will be granted.  Furthermore, Plaintiffs' proposed amendments

fail to allege sufficiently imminent future injury at the hands of Judge Parsons as to confer standing under Article III.  Because their amended complaint would still be subject to dismissal, Plaintiffs' motion to amend is DENIED.

## ORDER

Based on the foregoing memorandum opinion, it is ORDERED that the motion to dismiss filed by Judge Parsons (Doc. 24) be, and hereby is, GRANTED.  It is also ORDERED that Plaintiffs' motion to amend their complaint (Doc. 43) be, and hereby is, DENIED.  Finally, it is ORDERED that Plaintiffs' other pending miscellaneous motions (Docs. 48, 60, and 62) and a motion filed by the Lincoln County Defendants (Doc. 33) be, and hereby are, DENIED.

Dated this 5th day of September, 2006.

_____
**BRUCE D. BLACK**
**UNITED STATES DISTRICT JUDGE**

**Attorneys:**

**For Plaintiffs**
Steve Garrison, pro se
Connie Garrison, pro se

**For Defendant Judge Parsons**
Frank N. Chavez

**For Lincoln County Defendants**
Carlos M. Quiñones

15.