IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

STEVE and CONNIE GARRISON,

        Plaintiffs,

v.                                No. CIV 05-890 BB/ACT

(Members of N.M. BAR), KENNETH
WILSON, PAMELA DOBBS, and KAREN
L. PARSONS, in their individual and official
capacities,

and

LINCOLN COUNTY SHERIFF'S
DEPUTIES, CHRIS WOODS, ROBERT
SHEPARD, R.J. CRANSTON, E.J.
FOURATT, BRENT HILL, TOM WOLF,
and JOHN DOE, in their individual and
official capacities

        Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Plaintiffs Steve and Connie Garrison's ("Plaintiffs") September 28, 2006 motion for reconsideration (Doc. No. 92) and related January 12, 2007 motion for limited discovery (Doc. No. 123). Having reviewed the submissions of the parties and the relevant law, the Court finds that the motion for reconsideration should be DENIED and the motion for limited discovery should also be DENIED.

### Background

According to the allegations in the Complaint, Plaintiffs Steve and Connie Garrison accompanied their son, Clinton, to a juvenile court proceeding before New Mexico State District

Court Judge Parsons on August 20, 2002.[1]  *See* Compl., ¶ 11 (Doc. No.  No. 1).  After Judge Parsons dismissed Clinton's lawyer from the bar because he was not licensed to practice law in New Mexico, Steve announced that Clinton and he were leaving the courtroom since they would not be represented by the counsel of their choice.  *Id*. at  ¶¶ 11, 15.  Judge Parsons instructed Steve and Clinton not to leave and stated that they would be held in contempt if they exited the courtroom.  *Id*. at  ¶ 16.  Undeterred, Steve and Clinton walked out.  As Connie Garrison and a group of spectators attempted to follow them, Deputy Wolf grabbed Connie's wrists and detained her.  *Id*. at ¶ 15.  Plaintiffs allege that Connie suffered injuries as a result of Deputy Wolf's actions.  *Id*. at 23.  This lawsuit, in which Plaintiffs assert violations of Connie's Fourth Amendment rights based on Deputy Wolf's alleged use of excessive force, followed.

The issue currently before the Court concerns Plaintiffs' claim for money damages against Judge Parsons.[2]  This claim has an interesting history.  Initially, Plaintiffs argued that Judge Parsons' statements and/or actions in her courtroom on August 20, 2002, caused or contributed to the violation of Connie's Fourth Amendment rights.  *See* Compl., ¶ 32 (Doc. No. 1).

---

[1] This Memorandum Opinion and Order does not include a detailed factual account of the circumstances surrounding the August 20, 2002 altercation.  Instead, familiarity with these facts is assumed.  The Court directs readers not familiar with this background to the Memorandum Opinion and Order resolving Lincoln County Deputy Defendants' September 25, 2006 motion for summary judgment.

[2] Plaintiffs also sought declaratory relief against Judge Parsons in connection with her application of law in the underlying juvenile proceedings.  *See* Compl., ¶ 38.  In particular, Plaintiffs requested that this Court declare:  (a) Judge Parsons erroneously applied NMRA 10-204 in the delinquency proceedings against them and (b) the contempt proceedings levied against Steve Garrison violated the Fourth and Fourteenth Amendments.  *Id*.  This Court previously dismissed these claims for declaratory relief because they did not satisfy the "case and controversy" requirement.  *See* Memorandum Opinion and Order, dated Sept. 6, 2006 (Doc. No. 84).  Plaintiffs do not ask that the Court reconsider its dismissal of these claims.

Subsequently, Plaintiffs dismissed this claim for money damages, which was appropriate since Judge Parsons' actions are absolutely protected by the doctrine of judicial immunity. *See* Memorandum Opinion and Order, dated Sept. 6, 2006 (Doc. No. 84). Plaintiffs now seek to resurrect their claim for money damages against Judge Parson on the basis that her failure to act, as opposed to her affirmative actions, contributed to the alleged Fourth Amendment violation.

## **Standard for Reviewing a Motion for Reconsideration**

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration. *See Computerized Thermal Imaging, Inc. v. Bloomberg*, L.P., 312 F.3d 1292, 1296 n.3 (10th Cir. 2002) (citing *Clough v. Rush*, 959 F.2d 182, 186 n.4 (10th Cir. 1992)). Instead, a motion for reconsideration is treated as a Rule 59(e) motion to alter or amend the judgment if filed within ten days of the district court's entry of judgment or as a Rule 60(b) motion for relief from judgment if filed more than ten days after entry of the judgment. *See id.* The Tenth Circuit has stated that a Rule 59(e) motion should be granted "only to correct manifest errors of law or to present newly discovered evidence." *Loughridge v. Chiles Power Supply Co.*, 431 F.3d 1268, 1274-75 (10th Cir. 2005) (quoting *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997)). "The opportunity to present a motion to reconsider should not be viewed as a second opportunity for the losing party to make its strongest case or to dress up arguments that previously failed." *United States v. LaHue*, 998 F.Supp. 1182, 1194 (D. Kan. 1998) (Lungstrum, J.) (citation and internal quotations omitted).

**Discussion**

I.  **Judge Parsons is entitled to absolute immunity for her judicial conduct**

Few doctrines are more solidly established than the fundamental principle that judges are entitled to absolute immunity from damages for their judicial conduct.[3] *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967); *see Mireles v. Waco*, 502 U.S. 9, 11-13 (1991) (per curiam). The thrust of Plaintiffs' argument is that while this absolute immunity protects a judge's affirmative actions, it does not extend to a judge's failure to act. Thus, Plaintiffs contend that Judge Parsons should be held liable for her failure to prevent Deputy's Wolf's alleged use of excessive force against Connie. The fact that Plaintiffs have not cited a single case in support of this theory is not surprising since their view of judicial immunity is clearly wrong. Indeed, the absolute immunity afforded to judicial conduct does not distinguish between action or inaction. *See, e.g., Von Drake v. Liberty Mut. Auto. Ins. Co.*, 2006 U.S. Dist. LEXIS 22051, *9 (E.D. Tex. 2006) (granting absolute immunity where claims "stem from alleged actions or inactions by Judge Sims in his judicial capacity"); *Amaker v. Coombe*, 1998 U.S. Dist. LEXIS 14523, *14 (S.D.N.Y. 1998) ("actions or inactions are protected by absolute judicial immunity."). Thus, the fact that Plaintiffs now complain of Judge Parson's alleged inactions, rather than her affirmative acts, in maintaining control and order in her courtroom does not change the fact that her conduct is entitled to

---

[3] As explained in this Court's previous Memorandum Opinion and Order on this subject, there are only two exceptions to absolute judicial immunity. "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam). "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* at 12. Neither of these exceptions apply since maintaining order and control in the courtroom is a function normally performed by a judge. *See id.* Further, New Mexico district court judges, like Judge Parsons, have a broad jurisdictional grant to maintain order and decorum in the courtroom. *See* N.M. STAT. ANN. § 34-1-2 (2007).

absolute immunity. *See Mireles*, 502 U.S. at 11-13. Thus, Plaintiffs' motion for reconsideration should be denied.

Plaintiffs have also moved for limited discovery in support of their motion for reconsideration. In particular, Plaintiffs seek discovery of a supposed courtroom videotape of the August 20, 2002 altercation between Deputy Wolf and Connie in order to help the Court resolve "whether Defendant Karen Parsons' [sic] controlled Defendant Tom Wolf or the court." Additionally, Plaintiffs seek to depose the person responsible for the videotape. As set forth above, Judge Parsons is entitled to absolute immunity for any judicial action or inaction related to her efforts to maintain control and order in her courtroom. Therefore, the evidence sought by Plaintiffs is irrelevant to the Court's analysis of Plaintiffs' motion for reconsideration and Plaintiffs' request for discovery is denied as moot.

## Conclusion

Based on the foregoing, Plaintiffs' motion for reconsideration will be DENIED and Plaintiffs' motion for limited discovery will also be DENIED.

## ORDER

Based on the foregoing memorandum opinion, Plaintiffs' motion for reconsideration (Doc. No. 92) is hereby DENIED and Plaintiffs' motion for limited discovery (Doc. No. 123) is hereby DENIED.

DATED May 1, 2007.

_____
UNITED STATES DISTRICT JUDGE
BRUCE D. BLACK

**Attorneys:**

**For Plaintiffs (appearing** *pro se***)**
Steve and Connie Garrison

**For Defendant**s
Carlos M. Quinones