IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STEVE and CONNIE GARRISON, Husband and wife,

        Plaintiffs,

v.                                                  No. CIV 05-890 BB/CEG

(Members of N.M. Bar) KENNETH WILSON, PAMELA DOBBS, KAREN L. PARSONS, in their individual and official capacities, and LINCOLN COUNTY SHERIFF'S DEPUTIES CHRIS ALLEN WOODS, ROBERT SHEPARD, R.J. CRANSTON, E.J. FOURATT, BRENT HILL, TOM WOLF, and JOHN DOE, in their individual and official capacities,

        Defendants.

MEMORANDUM OPINION
AND
ORDER DENYING PLAINTIFFS' OBJECTIONS

THIS MATTER is before the Court on Plaintiffs' Objection [doc. 221] to the Order of Magistrate Judge Carmen Garza striking Plaintiffs' Designation of Expert. The Appeal lacks merit.

*Discussion*

This is an objection to a nondispositive order and this Court is required to defer to the ruling of the magistrate judge unless it was clearly erroneous or contrary to law. *Allen v. Sybase, Inc.*, 468 F.3d 642 (10th Cir. 2006). "The clearly erroneous standard is intended to give the magistrate a free hand in managing discovery issues." *Center for Biological Diversity v.*

*Norton*, 336 F. Supp. 2d 1155 (D.N.M. 2004) (quoting *Harrington v. City of Albuquerque*, 2004 WL 1149494 (D.N.M.). Therefore, to be clearly erroneous, a magistrate's decision "must be more than just maybe or probably wrong; it must strike us as wrong with the force of a five-week-old, unrefrigerated dead fish." *Parts & Elec. Motors, Inc v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988). Judge Garza's decision is not clearly erroneous or contrary to law.

Plaintiffs rely on D.N.M.LR-Civ. 26.3 to argue that their treating physician, Dr. Babak Mirin, can testify as an expert. That rule provides, "Treating physicians need not prepare an expert report as required by Fed. R. Civ. P. 26(a)(2)(B)." This rule does not, however, state that treating physicians may testify as experts without compliance with Rule 26(a)(2). Under Tenth Circuit law, treating physicians not disclosed as experts are limited to testimony based on personal knowledge and may not testify beyond their treatment of the patient. *Davoll v. Webb*, 194 F.3d 1116, 1138-39 (10th Cir. 1999); *and see Parker v. Central Kansas Med. Ctr.*, 57 Fed. Appx. 401 (10th Cir. 2003) (unpublished opinion) (upholding exclusion of causation evidence from a treating physician not property disclosed); *Ordon v. Karpie*, 223 F.R.D. 33 (D. Conn. 2004) (same). Dr. Mirin will, then, only be allowed to testify as to what he saw and why he treated Mrs. Garrison as he did, but not as to cause, appropriate future medical treatment or cost. *Davoll*, 194 F.3d at 1138-39.

## O R D E R

For the above stated reasons, Plaintiffs' Objections to Magistrate Garza's Order Striking Expert are OVERRULED.

**SO ORDERED this 17th day of January, 2008.**

                                                    **BRUCE D. BLACK**
                                                    **United States District Judge**