IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STEVE and CONNIE GARRISON, Husband and
wife,

        Plaintiffs,

v.                                                                                  No. CIV 05-890 BB/CEG

(Members of N.M. Bar) KENNETH WILSON,
PAMELA DOBBS, KAREN L. PARSONS, in their
individual and official capacities, and LINCOLN
COUNTY SHERIFF'S DEPUTIES CHRIS
ALLEN WOODS, ROBERT SHEPARD, R.J.
CRANSTON, E.J. FOURATT, BRENT HILL,
TOM WOLF, and JOHN DOE, in their individual
and official capacities,

        Defendants.

## MEMORANDUM OPINION
### AND
### ORDER DENYING PLAINTIFFS' OBJECTIONS
### TO DENIAL OF MOTIONS FOR PROTECTIVE ORDER

THIS MATTER is before the Court on Plaintiffs' Objections [docs. 216, 219, 220] to discovery orders of the assigned Magistrate, Judge Garza. These motions are totally frivolous and Plaintiffs are warned that continuing to file such motions will result in sanctions, including dismissal of this case.

### *Discussion*

"Discovery matters have been delegated to the magistrate judges in order to promote judicial efficiency and the speedy resolution of pre-trial disputes which might interfere with an orderly discovery process. Ill-considered strategic objections to a magistrate judge's orders

threaten to undermine these goals and do a disservice to the parties, who presumably are themselves primarily interested in a speedy resolution of their disputes." *National Excess Ins. Co. v. Civerolo, Hansen & Wolf P.A.*, 139 F.R.D. 401, 404 (D.N.M. 1991). This Court is therefore required to defer to the ruling of the magistrate judge unless it was clearly erroneous or contrary to law. *Allen v. Sybase, Inc.*, 468 F.3d 642 (10th Cir. 2006).

I.   *Tax Records*

Plaintiffs' objection that production of their tax records was not relevant to their claim for damages because they allege this incident merely caused them to change their lifestyle. Plaintiffs cite no law in support of their claim and it is frivolous. *See United States v. Boyd*, 53 F.3d 631, 636 (4th Cir. 1995) (tax returns relevant to claim based on lifestyle); *cf. Johnson v. Kraft Foods, North America, Inc.*, 236 F.R.D. 535 (D. Kan. 2006) (claim for compensatory damage placed all income from any source at issue). Plaintiffs now seek to interpret their lifestyle allegations as limited to "Connie Garrison's mental and physical injuries and inability to do artwork." (Amend. Obj., doc. 219, p. 2). However, Plaintiffs clearly requested "compensatory damages in the amount the jury deems just and fair." (Compl. Prayer ¶ b). They have placed their income, before and after the incident, at issue.

2.   *Social Security Numbers*

Plaintiffs complain Judge Garza did not give sufficient credence to their timely objections to Defendants' interrogatories. In particular they object to being required to divulge their social security numbers. Social security numbers should be subject to discovery when they can lead to the discovery of admissible evidence. *EEOC v. University of Phoenix, Inc.*, 2007 WL 1302578 (D.N.M.); *Elkins v. Broome*, 2004 WL 3249257 (M.D.N.C.). Contrary

to Plaintiffs' assertion of a right to withhold Mrs. Garrison's social security number under the Privacy Act, failure to produce such information in response to a proper discovery request is subject to sanction.  *Gober v. City of Leesburg*, 197 F.R.D. 519, 521-22 (M.D. Fla. 2000); *Elkins, supra*.

3.   <u>Harassment</u>

>   **Ironically, Plaintiffs argue:**
>
>   **Federal District Courts should not neglect their power to restrict discovery where justice requires protection for a party or person from annoyance, embarrassment, oppression, or undue burden or expense; with such authority at hand, judges should not hesitate to exercise appropriate control over the discovery process."  *Hebert (sic) v. Lando* (1979) 441 U.S. 153, 60 L. Ed2d 115, 99 S Ct 1635.**
>
>   **Clearly Counsel for defendants, Martin Esquivel is using discovery to harass, annoy, embarrass, or oppress, <u>undue burden or expense</u> will result to Plaintiffs, and Counsel is wasting judicial resources.**

**Amend. Obj., doc. 219, p. 5 (emphasis in original).**

Plaintiffs obviously misunderstand the "clearly erroneous" standard.  "The clearly erroneous standard is intended to give the magistrate a free hand in managing discovery issues."  *Center for Biological Diversity v. Norton*, 336 F. Supp. 2d 1155 (D.N.M. 2004) (quoting *Harrington v. City of Albuquerque*, 2004 WL 1149494 (D.N.M.).  Therefore, to be clearly erroneous, a magistrate's decision "must be more than just maybe or probably wrong; it must strike us as wrong with the force of a five-week-old, unrefrigerated dead fish."  *Parts & Elec. Motors, Inc v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988).  Judge Garza's decisions are not clearly erroneous or contrary to law.

**Judge Garza's rulings have a presumption of correctness and it is Plaintiffs who have the burden of demonstrating legal error. Their citation to general legal platitudes and inapplicable statutes regarding discovery are insufficient.** *Simpson v. Lear Astronics Corp.*, **77 F.3d 1170 (9th Cir. 1996). If Plaintiffs really wish to avoid "undue burden and expense" and "wasting judicial resources," they should engage in good faith discovery and desist from filing unsupported objections.**

## O R D E R

**For the above stated reasons, Plaintiffs' Objections to the Denial of Motions for Protective Order are OVERRULED.**

**SO ORDERED this 30th day of January, 2008.**

**B**RUCE **D. B**LACK
**United States District Judge**