IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

STEVE and CONNIE GARRISON,
Husband and Wife,

       Plaintiffs,

v.                                                CV 05-890 BB/CEG

(Members of N.M. Bar) KENNETH WILSON,
PAMELA DOBBS, KAREN L. PARSONS, in
their individual and official capacities, and
LINCOLN COUNTY SHERIFF'S DEPUTIES
CHRIS ALLEN WOODS, ROBERT SHEPARD,
R.J. CRANSTON, E.J. FORATT, BRENT
HILL, TOM WOLF, and JOHN DOE, in their
individual and official capacities,

       Defendants.

PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before me on Lincoln County Defendants' Motion to Dismiss Based upon Plaintiffs' Failure to Comply with Discovery Orders (Doc. 235), as well as the February 25, 2008 show cause hearing. For the reasons set forth below, I recommend that Defendants' motion to dismiss be granted in part and denied in part.

**Background**

On October 19, 2007, the Court held a hearing to rule on six discovery motions. *See Doc. 209*. At the hearing, the Court granted Lincoln County Defendants' Motion to Compel, denied Plaintiffs' related Motion for Protective Order to Discovery of Tax Information, and ordered Plaintiffs to produce documents sought in request for production numbers 14-20. *Id*; *Doc. 213*. Among other things, request for production numbers 14-20 sought Plaintiffs' tax returns, exhibits to be used at trial, and all correspondence sent to any healthcare provider by

Connie Garrison.  *See Doc. 204, Ex. A*.  On November 8, 2007, Plaintiffs filed objections to these discovery rulings pursuant to Fed.R.Civ.P. 72.  *See Docs. 216, 219, 220*.  In a Memorandum Opinion and Order filed January 30, 2008, Judge Black denied Plaintiffs' objections noting that they were "totally frivolous."  *Doc. 230* at 1.  Judge Black also warned Plaintiffs that "continuing to file such motions will result in sanctions, including dismissal of this case."  *Id*.

On February 8, 2008, Lincoln County Defendants' filed a Motion to Dismiss Based upon Plaintiffs' Failure to Comply with Discovery Orders.  *See Doc. 235*.  On February 14, 2008, I ordered both parties to appear at a show cause hearing so that the Court could address Plaintiffs' failure to comply with the October discovery orders.  *See Doc. 239*.

At the show cause hearing, the Court heard arguments from both parties on the factors enumerated in *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992).  Mr. Esquivel, the attorney for the Lincoln County Defendants, informed the Court that Plaintiffs faxed him incomplete copies of their tax returns on Friday, February 22, 2008 at 5:48 p.m.  *See Show Cause Hearing 2-25-08 Recording*.  Mr. Esquivel also informed the Court that he had not received a formal written response from Plaintiffs on request for production numbers 14-20, but that he had received a "box full of documents" which were related to these requests.  *Id*.  Despite Plaintiffs' discovery failures, Mr. Esquivel stated that he was prepared to proceed to trial on March 3, 2008.  *Id*.

In response, Plaintiffs told the Court that they had given Mr. Esquivel "everything" that he had requested.  *Id*.  The Plaintiffs informed the Court that they had lost their tax returns in a move and eventually found them "at the bottom of a box of magazines."  *Id*.  They also informed the Court that they believed that their Fed.R.Civ.P. 72 objections had merit, and that they did not

believe they were required to produce the relevant discovery until Judge Black ruled on their objections. *Id*. Plaintiffs acknowledged that they interfered with the judicial process and asked the Court to consider their financial status in imposing a monetary sanction, if any. *Id*.

### Discussion

The impositions of sanctions is appropriate in the circumstances before the Court. The determination of the appropriate sanction, however, is a fact-specific inquiry. *See Ehrenhaus*, 965 F.2d at 920. Dismissal of a lawsuit represents an "extreme sanction appropriate only in cases of willful misconduct." *Id*. "Because dismissal with prejudice defeats altogether a litigant's right to access the courts, it should be used as a weapon of last, rather than first resort." *Id*. "Though courts naturally go more slowly in using dismissal as a sanction in the case of pro se litigants . . . such litigants have no license to flout a court's authority wilfully." *Creative Gifts, Inc. v. UFO*, 235 F.3d 540, 549 (10th Cir. 2000); *see also Ehrenhaus*, 965 F.2d at 920 n.3.

Before choosing dismissal as a sanction, the Court should consider the following factors: (i) the degree of actual prejudice to the opposing party, (ii) the amount of interference with the judicial process, (iii) the culpability of the litigant, (iv) whether the court warned the party in advance that dismissal of the action would be a likely sanction for non-compliance; and (v) the efficacy of lesser sanctions. *See Ehrenhaus*, 965 F.2d at 921. "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction." *Meade v. Grubbs*, 841 F.2d 1512, 1521 n.7 (10th Cir. 1988). "These factors do not constitute a rigid test; rather, they represent criteria for the district court to consider prior to imposing dismissal as a sanction." *Ehrenhaus*, 965 F.2d at 921.

### Degree of Actual Prejudice to the Opposing Party

Here, there is no question that Plaintiffs' failure to comply with the Court's discovery

orders caused delay and mounting attorney's fees. However, Plaintiffs have now provided the discovery sought and Mr. Esquivel has informed the Court that he is prepared to proceed to trial. While Defendants' have been prejudiced by Plaintiffs' failures, I cannot find the degree of prejudice amounts to an inability to defend this action.

### Interference with the Judicial Process

As admitted by Plaintiffs, their discovery failures have interfered with the judicial process. After Judge Black ruled on Plaintiffs' Fed.R.Civ.P. 72 objections on January 30, 2008, Plaintiffs non-compliance continued until the Court ordered the Plaintiffs to appear and show cause why their case should not be dismissed. Such conduct evidences an interference with the judicial process.

### Culpability of the Litigant

Plaintiffs failure to provide the ordered discovery until the show cause hearing demonstrates culpability on their behalf. Plaintiffs are proceeding pro se and, therefore, any non-technical discovery failures are directly attributable to them. *See Ehrenhaus*, 965 F.2d at 920 n.3.

### Prior Warning of Possible Dismissal

At the October 19, 2007 hearing, the Plaintiffs were warned that failure to comply with the Court's discovery orders could result in dismissal of this lawsuit. The February 14, 2008 Order to Show Cause also put the Plaintiffs on notice that failure to comply with the Court's discovery orders could result in the dismissal of the case with prejudice. *See Doc. 239.* In addition, the Court has informed Plaintiffs on numerous occasions that failure to adhere to the rules could result in the imposition of sanctions, including dismissal of their lawsuit.

Efficacy of Lesser Sanctions

The efficacy of lesser sanctions factor weighs heavily in Plaintiffs' favor.  Discovery is complete, trail is less than two months away, and Defendants are prepared to proceed to trial.  In balancing the *Ehrenhaus* factors, I cannot find that dismissal is a "just" sanction for Plaintiffs' failures and conclude that this lawsuit should be resolved on its merits.  *See Ehranheaus*, 965 F.2d at 920.  Under the circumstances presented, a lesser sanction in the form of attorney's fees and expenses will be effective.

Pursuant to Fed.R.Civ.P. 37(b)(2)(C), Plaintiffs will be will required to pay Mr. Esquivel's reasonable expenses, including attorney's fees, in filing the motion to dismiss and appearing at the show cause hearing.  Financial means are an equitable consideration when sanctions are imposed under Fed.R.Civ.P. 11, but not under Fed.R.Civ.P. 37.  *See* Fed.R.Civ.P. 37(b)(2)(C); *Johnson v. A.W. Chesterton Co.*, 18 F.3d 1362, 1366 (7th Cir.1994);  *Vinton v. Adam Aircraft Industries, Inc.*, 232 F.R.D. 650, 663-64 (D. Colo. 2005).

Wherefore, it is HEREBY RECOMMENDED THAT:

1)  Defendants' Motion to Dismiss be denied in part to the extent it seeks dismissal of Plaintiffs' lawsuit;

2)  Defendants' Motion to Dismiss be granted in part to the extent it seeks expenses and attorney's fees as a sanction; and

3)  Lincoln County Defendants be awarded its expenses and attorney's fees in bringing the motion to dismiss, as well as attending the show cause hearing, in an amount to be determined by the Magistrate Judge upon a review of Mr. Esquivel's cost bill.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A**

> **party must file any objections with the Clerk of the District Court within the ten day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE