IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

STEVE and CONNIE GARRISON,
Husband and Wife,

       Plaintiffs,

v.                                                        CV 05-890 BB/CEG

(Members of N.M. Bar) KENNETH WILSON,
PAMELA DOBBS, KAREN L. PARSONS, in
their individual and official capacities, and
LINCOLN COUNTY SHERIFF'S DEPUTIES
CHRIS ALLEN WOODS, ROBERT SHEPARD,
R.J. CRANSTON, E.J. FORATT, BRENT
HILL, TOM WOLF, and JOHN DOE, in their
individual and official capacities,

       Defendants.

## ORDER ADOPTING MAGISTRATE JUDGE'S
## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

       This matter is before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition, filed February 28, 2008. Lincoln County Defendants (Defendants) filed their objections to the Proposed Findings and Recommended Disposition on March 14, 2008. On March 17, 2008, Plaintiffs filed their objections. The Court has carefully reviewed the objections de novo and finds them to be not well-taken.

       Defendants first object to the Magistrate Judge's factual finding that they would be ready to proceed to trial on March 3, 2008. In considering this objection, the Court reviewed the transcript, as well as the audio recording, of the show cause hearing. It is readily apparent from

both the transcript and the audio recording that Defendants' counsel indicated that he would be ready to proceed to trial.  Therefore, this objection will be denied.

Defendants also argue that, pursuant to D.N.M.LR-Civ. 7.1(b), the motion to dismiss should have been granted because Plaintiffs failed to timely respond.  However, D.N.M.LR-Civ. 7.1(b) does not require the Court to grant a motion to which a party fails to respond.  *See Giron v. Abascal*, 2007 WL 2002564 at *4, Civ. No. 06-1044 LH/WDS (D.N.M. May 28, 2007); *Qian v. Eastern New Mexico University*, 2007 WL 581658 at *1, Civ. No. 06-102 JB/LCS (D.N.M. January 29, 2007).  In addition, *Ehrenhaus* holds that dismissals with prejudice "should be used as a weapon of last, rather than first resort."  *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992).  Accordingly, this objection will also be denied.[1]

Turning to Plaintiffs' objections, the Court finds their arguments to be without merit.  First, regarding Plaintiffs' inability to comply assertion, *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639 (1976) discusses dismissals as a sanction under Rule 37 and not simply "discovery sanctions," as Plaintiffs contend.  *See* Doc. 3 at 3.  Notwithstanding this, the record clearly reflects that Plaintiffs failed to make a showing of an inability to comply with the Court's discovery orders.  Second, Plaintiffs have not been deprived an opportunity to "respond to any of the material misrepresentations recited in Defendants' motion to dismiss."  *Id.* at 4.  Rather, here, the record reflects that Plaintiffs failed to timely file a response to the motion to dismiss.  Third, Fed.R.Civ.P. 37(b)(2)(C) allows for expenses, in the form of attorney's fees, to

---

[1] Defendants remaining issues appeared for the first time in their objections.  In this circuit, "issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."  *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *see also e.g., United States v. Garfinkle,* 261 F.3d 1030, 1031 (10th Cir. 2001); *Tracy v. Addison*, 16 Fed. Appx. 928, n.4 (10th Cir. 2001)*, cert. denied*, 535 U.S. 1022 (2002).

be awarded as a result of a failure to comply with a court order.[2]  In this situation, the Magistrate Judge properly recommended that Defendants be awarded expenses and attorney's fees for bringing the motion to dismiss, as well as attending the show cause hearing.

Wherefore,

IT IS HEREBY ORDERED THAT:

1)  the Magistrate Judge's Proposed Findings and Recommended Disposition are adopted by the Court (Doc. 253);

2)  Defendants' Motion to Dismiss is denied in part to the extent it seeks dismissal of Plaintiffs' lawsuit;

3)  Defendants' Motion to Dismiss is granted in part to the extent it seeks expenses and attorney's fees as a sanction; and

4)  Defendants are awarded expenses and attorney's fees in bringing the motion to dismiss, as well as attending the show cause hearing, in an amount to be determined by the Magistrate Judge upon a review of Mr. Esquivel's cost bill.

_____
UNITED STATES DISTRICT JUDGE

---

[2] In its entirety, Fed.R.Civ.P. 37(b)(2)(C) states:
> Payment of Expenses.  Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified of other circumstances make an award of expenses unjust.